# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAE LEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARO PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Case No. 7:23-cv-03834-CS<br><br>~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiff Jae Lee's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 27)** (the "Motion"), the terms of which are set forth in a Stipulation and Settlement Agreement between Plaintiff and Defendant Taro Pharmaceuticals U.S.A., Inc. ("Taro," and, together with Plaintiff, the "Parties") (the "Settlement Agreement"), with accompanying exhibits attached as **Exhibit A** to the Memorandum of Law in Support of the ~~Declaration of [Plaintiff's Counsel]~~ ~~accompanying Plaintiff's~~ Motion (ECF No. 28).[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1.  **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows, for purposes of this Settlement only and in the context of the Settlement Agreement only:

    All former and current employees of Taro (at the time of the Data Incident) who reside in the United States and whose Private Information was potentially compromised as a result of the Data Incident.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

The Settlement Class is referred to herein as the "Settlement Class." Excluded from the Settlement Class are (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) any judges assigned to this case and their staff and family; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23(e)(1), the Court finds that giving notice of the Settlement to the Settlement Class is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of FRCP Rules 23(a) and 23(b)(3). Specifically, the Court finds [preliminarily] for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical, and the Settlement Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **Settlement Class Representative and Settlement Class Counsel**. The Court finds that Plaintiff Jae Lee will likely satisfy the requirements of FRCP Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representative. Additionally, the Court finds that Raina Borrelli

of the law firm Turke & Strauss LLP will likely satisfy the requirements of FRCP Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to FRCP Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the benefits provided to the Settlement Class through the Settlement, the risks and costs faced by the Settlement Class in prevailing on their claims, the good faith, arm's-length negotiations between the Parties and absence of any collusion in the Settlement, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and applicable requirements under FRCP Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on _June 20_, 2024, at 2:30 PM at the The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, Courtroom _621_, [or via telephone or videoconference], where the Court will determine, among other things, whether: (i) the Settlement Class should be finally certified for settlement purposes pursuant to FRCP Rule 23(a) and (b)(3); (ii) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to FRCP Rule 23(e) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; (iii) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the

3

Settlement Agreement; (v) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to FRCP Rule 23(h); and (vi) the application of the Settlement Class Representative for a Service Award should be approved.

6. **Settlement Administrator**. The Court appoints RG/2 Claims Administration LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notice and Claim forms attached to the Settlement Agreement as **Exhibits 1, 2, and 3** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation with and upon agreement by the Parties without further order of the Court.

8. **Findings Concerning Notice**. The Court preliminarily finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best notice to the Settlement Class practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including FRCP Rule 23(c); and (e) and meet the requirements of Due Process.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit a written request to the designated address established by the Settlement Administrator in the manner provided in the Notice. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which will be forty-five (45) days from the Notice Date and stated in the Notice.

Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall furnish to Settlement Class Counsel and to Taro's Counsel a complete list of all timely and valid requests for exclusion.

If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any benefits and shall not be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written objection by the Objection Deadline and as stated in the Notice. The Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their

objections with the Court and to send a copy to the Settlement Administrator. Any such objections to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection must be filed with the Clerk of Court and a copy must be sent to the Settlement Administrator by the Objection Deadline, which will be forty-five (45) days from the Notice Date and stated in the Notice.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in Paragraph 58 of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement.

11. **Notice and Claims Process**. Settlement Class Counsel and Taro have created a process for Settlement Class Members to claim benefits under the Settlement. The Court

preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the Notice and Claims process. The Settlement Administrator shall be subject to the supervision of Settlement Class Counsel. Taro, Taro's Counsel, and the other Released Parties shall have no responsibility for, or liability whatsoever with respect to, the administration of the Settlement or the actions or decisions of the Settlement Administrator. Settlement Class Counsel shall ensure that the Settlement Administrator performs the functions and duties necessary to effectuate the Settlement. Any information provided by Taro in connection with the Settlement to the Settlement Administrator and Settlement Class Counsel, including without limitation, the Settlement Class List shall be confidential and protected as such by Settlement Class Counsel and the Settlement Administrator.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a valid claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the releases contained therein and in the Settlement Agreement.

12. **Termination of Settlement**. This Preliminary Approval Order shall become null and void in the event the Settlement Agreement is terminated as provided in Paragraph 65 of the Settlement Agreement. In such event, (i) the Parties shall return to the status quo ante in the Action

7

as if the Court had not entered this Preliminary Approval Order and the Parties had not executed the Settlement Agreement; (ii) the Parties shall jointly request that all scheduled deadlines in the Action be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (iii) all of the Parties' obligations under the Settlement Agreement shall cease to be of any force and effect; (iv) all of the Parties' respective pre-Settlement claims and defenses will be preserved; and (vi) any orders entered by the Court approving certification of the Settlement Class and any other orders entered pursuant to the Settlement Agreement shall be deemed null and void and vacated, *nunc pro tunc.*

13. **Use of Order**. This Preliminary Approval Order shall not be construed or used as an admission of, or evidence of, (i) the validity of any claim made by Plaintiff, or (ii) any fault or omission by Defendant or the other Released Parties. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by

8

Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending final approval of the Settlement Agreement.

16. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Deadline |
|---|---|
| Defendant Provides Settlement Class List To Settlement Administrator | Within 7 Days Of Entry Of Preliminary Approval Order  2/12/24 |
| Deadline For Settlement Administrator To Send Short Form Notice (the "Notice Date") | Within 30 Days Of Entry Of Preliminary Approval Order  3/6/24 |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award to Be Filed by Settlement Class Counsel | At Least 14 Days Prior To Opt-Out Deadline/Objection Deadline  4/4/24 |
| Opt-Out Deadline/Objection Deadline | 45 Days After Notice Date  4/20/24 |
| Settlement Administrator Provides Parties With List Of Timely, Valid Opt-Outs | 7 Days After Opt-Out Deadline  ~~4/10/24~~  4/27/24 |
| Claims Deadline | 60 Days After Notice Date  5/5/24 |
| Motion For Final Approval To Be Filed By Settlement Class Counsel | At Least 14 Days Prior To Final Approval Hearing  ~~4/20/24~~  6/6/24 |
| Final Approval Hearing: June 20, 2024  2:30 PM | [COURT TO ENTER DATE AND TIME]  No Earlier Than 120 Days After Entry Of Preliminary Approval Order |

IT IS SO ORDERED

2/5/24
Dated

*Cathy Seibel*
U.S. District Judge Cathy Seibel

9